FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2017 MAY -8 AM 9: 07

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. '17 – CV – 01130

Lyle Melford Miller, Jr.,

Plaintiff,

v.

State of Colorado, Department of Natural Resources,

State of Colorado, Colorado Civil Rights Division, Department of Regulatory Agencies,

State of Colorado, State Personnel Board,

State of Colorado, Civil Rights Commission, Department of Regulatory Agencies,

Defendants.

---

## TITLE VII COMPLAINT

---

### PARTIES

1. Plaintiff is a citizen of the United States, State of Colorado, who presently resides at the following address:

   Lyle Melford Miller, Jr., 3962 South Fundy Circle, Aurora, CO 80013

2. Defendants named below live at or are located at the following addresses:

   Colorado Department of Natural Resources, 1313 Sherman Street, Denver, Colorado 80203
   Colorado Civil Rights Division, 1560 Broadway, Denver, CO 80202
   Colorado State Personnel Board, 1525 Sherman Street, 4th Floor, Denver, Colorado 80203
   Colorado Civil Rights Commission, 1560 Broadway, Denver, CO 80202

### JURISDICTION

3. Jurisdiction is asserted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5.

4. Defendant is an employer within the meaning of Title VII.

5. The alleged unlawful employment practices primarily took place at the following location:

   1313 Sherman Street, Denver, Colorado 80203

(Rev. 07/06)

6. Jurisdiction also is asserted pursuant to the following statutory authority:

   29 U.S.C. § 633(a)
   42 U.S.C. § 12132
   29 U.S.C. § 794(a)
   29 U.S.C. § 626(c)

   Amendment XIV to the United States Constitution Section 1

## ADMINISTRATIVE PROCEDURES

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission or other appropriate administrative agency on or about 19 November, 2015 regarding the alleged discriminatory and/or retalition conduct by Defendant(s).

8. Plaintiff received from the Equal Employment Opportunity Commission or other appropriate administrative agency a Notice of Right to Sue the Defendant(s) on 6 February, 2017. (Please attach to the complaint a copy of the Notice of Right to Sue.)

## NATURE OF THE CASE

9. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

   | | | |
   |---|---|---|
   | Race | Color | Religion |
   | Sex | National Origin | |

   **X**   Other (please specify)  Age, Veteran Status, Disability

10. Defendant has discriminated against Plaintiff because of the following: (please check all that apply)

    **X**   Failure to hire

    Failure to promote

    Demotion/discharge from employment

    **X**   Other (please specify)   Retaliation, Failure to comply with requirements of Vietnam Era Veterans' Readjustment Assistance Act

(Rev. 07/06)

2

**FIRST CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages. Alternatively, you may attach to the complaint a copy of the charge of discrimination you submitted to the Equal Employment Opportunity Commission.)

11. Early in 2015, the plaintiff was interviewed for an accountant position with the Colorado Parks and Wildlife section of the Department of Natural Resources of the State of Colorado. Michael Minatta, the manager, conducted the interview with other members of his staff. After the interview, Michael Minatta walked the plaintiff down the elevator and out of the building.  In the course of leaving the building, Michael Minatta discussed the position with the plaintiff and remarked that he did not think the position would be challenging for the plaintiff, or words to that effect.  The plaintiff was made aware of the eventual decision to not hire on Sunday, the 25th of January, 2015 by an email sent by Michael Minatta, at 12:29 PM.

12. The plaintiff did not file a complaint with the Colorado State Personnel Board on this matter, but it was included in the complaint to the Equal Employment Opportunity Commission. The plaintiff did not feel at the time that this warranted a response with the Colorado State Personnel Board, and thus failed to meet the deadline in filing a complaint there.  He did not, at that time, see a continuing pattern of discrimination on the part of the Department of Natural Resources of the State of Colorado.

13. The plaintiff feels that this is a de facto violation of the Age Discrimination in Employment Act, as it relates to the concept of disparate impact.  Statistical and logical analysis should bear out that as employees get older, they tend to get more experience, as a general rule. More experience would mean that some positions would be less of a challenge for them than

(Rev. 07/06)                                    3

for other, less experienced applicants.

14. The plaintiff provided enough information that it could be logically determined that he was over the age of 40 at the time of his application.   Whether the defendant explicitly knew this or not is unknown.

(Rev. 07/06)

4

**SECOND CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

15. Later in 2015, the plaintiff applied for another accountant position with a different section of the Department of Natural Resources of the State of Colorado. He had what he believes were unique qualifications for that position. He was interviewed by phone for that position, having previously interviewed in person with the interviewer for other positions. Because of his prior experience with the Colorado Parks and Wildlife section, he decided to make his thank you letter, sent by email, somewhat different than the normal thank you letter. In that email, he expressly acknowledged that he was likely over qualified for the position. He also made specific mention of his age, and strongly indicated his desire to fill that position, regardless of that. The nature of the email was such that it should be viewed as protected by law, and not grounds for any negative response. That email was sent in the beginning of May, 2015.

16. The defendants decided not to hire for that posting of that position. Instead, they later reposted that position with lower requirements, specifically lowering the unique qualifications that they had previously desired. It is the opinion of the plaintiff that this is likely because that specific unique qualification that he had is very difficult to find. In order to fill that position and not hire him, they would have to eliminate his unique qualifications in order to consider someone else and be able to justify it. They also re-titled the position as an "entry level" position, and the plaintiff supposes that this was done to attempt to justify hiring someone who was not over qualified as he was and/or would allow them to disqualify him because he was not at all entry level.

(Rev. 07/06)                                                    5

17. The defendants notified the plaintiff that he was not selected for that position on 19 May, 2015. No-one was selected to fill that position at that time. The plaintiff feels that they could not have justified hiring any other person in preference over him with the applicants that they were considering. It is highly likely that none of them had the qualifications needed to justify hiring them instead of the plaintiff. This may not be the case, but the defendants have had adequate time to convince the plaintiff that such is not the case, and they have been unable to document any reason for him to think differently. As such, the plaintiff considers this to be admitted to.

18. Also on 19 May, 2015, there was an internal email in which the controller expressed that she wanted to "close the door" on the plaintiff because of the unusual email that he had sent. The email was specifically referred to. Excuses were given as to why this was not what it seemed, but it is the opinion of the plaintiff that it was just as it appeared to him, an order to keep him out of their department and consider him no further, making it difficult for him and attempting to discourage him from applying further. Additional actions on the part of the defendants lend great support to that assertion made by the plaintiff, and he is fairly certain that all explanation offered to date is pure pretext. This very strongly seems to be retaliation, especially when taken in context with the sum total of the actions taken by the Department of Natural Resources. There are just too many examples of potentially discriminatory and/or retaliatory acts on their part. This pattern seems to establish a clear state of mind on their part to follow what seems to be the retaliatory dictates of this communication, coming from a person with a great deal of coercive authority.

19. The fact that the plaintiff was involved in a fatal automotive accident, which he was not at

(Rev. 07/06)

fault in, was mentioned in a meeting prior to coming to a decision on this position. This was shared by the defendants, and should not be a question of fact. It is the plaintiff's position that this sharing was an attempt to use a perceived disability as justification not to hire, even though such would have potentially been taking an unlawful negative stance in regards to such a perceived disability. This information was shared in the context of trying to explain the "close door" email mentioned above, and can be seen in no other way, at least in the opinion of the plaintiff. They seemed to also be attempting to argue that they had legitimate safety concerns, and this perceived disability was a valid reason to feel safety was a concern. As such, the mere mention of this should be seen as retaliatory and/or discriminatory, given the context in which it occurred, since even mentioning such a potential is defamatory and discriminatory, since the unsaid assumption is that this perceived disability was something that made the plaintiff more prone to violence.

20. Again on 19 May, 2015, the plaintiff was removed by the Human Resources Director from consideration for another position that he had applied for in that same department. There was an attempt to justify this, but according to the rules in place, this was a gross exceeding of the authority by the person who took this action. They cannot be seen to be authorized to take this action, and indeed, it is primarily this act that precipitated the complaint process by the plaintiff initially. The rules that were ignored were supplied to the Colorado Civil Rights Division as rules that they referred to in taking the actions that they did. There can be no denying that they have thus admitted to the authority of those rules. The defendants have tried to say that there is reason that these rules do not apply, but their arguments along that line are non sequitur. This can only be seen as retaliation in the context in which it occurred due to the fact that the person who took this action grossly exceeded their authority in doing so, and it happened in such

close temporal proximity to the plaintiff making a protected communication about potential discrimination. It can not be said that this action that exceeded their authority was routine, or in any way should be considered to have been done for legitimate business reasons. To say that either was the case would be condoning the breaking of their own rules in any arbitrary manner that they chose. At that point, any time they took such action without consistently adhering to their rules must be viewed as arbitrary and capricious.

21. The plaintiff has subsequently been informed that the Department of Natural Resources does not have any plan in place to comply with the requirements of Vietnam Era Veterans' Readjustment Assistance Act. The plaintiff is a qualified disabled veteran, eligible for affirmative action under that law. The defendants are aware of the plaintiff's status as a disabled veteran, as such is specifically indicated in his application for employment. The plaintiff has adequate reason to believe that the Department of Natural Resources should be required to comply with all provisions of that law that apply to them. This should have given the plaintiff an even greater preference for hiring. Since it was not complied with, it did not. As such, it is discriminatory for them to have not hired him.

22. The plaintiff specifically applied for the later reposting of the job he was not selected for on 19 May, 2017. At that time, a formal complaint was before the Colorado State Personnel Board. As such, there is no doubt that any unwarranted negative action should be considered retaliatory. He was again removed from consideration, and this was also in violation of the rules that they were well aware of existing. No-one was selected for this posting, and they specifically allowed the eligible list, (which is a technical term that is used within their rules) to expire. It was posted again, and the plaintiff was sufficiently discouraged enough at that

(Rev. 07/06)

time to not re-apply. The plaintiff has no knowledge of the comparative qualifications of the person eventually selected to fill that position at this time, but supposes that this is a pertinent point for discovery.

23. The plaintiff has made several attempts to obtain information under the Colorado Open Records Act from the defendants. At one point, he inquired about information that had freely been given to him prior to 19 May, 2017 for other positions. His request was refused, which he believes was actually a criminal violation of the Colorado Open Records Act. This court may lack jurisdiction to rule on this matter, but it is the plaintiff's opinion that the potential civil violation is a matter that can be considered in context, even though a specific ruling about such a violation may only be determined to have probably occurred. In a civil matter, that is the only level that needs to be determined. Some of the information requested was in regards to test scores and rankings of the plaintiff against other applicants. This exact information was supplied to the Colorado State Personnel Board, albeit for other positions. This information did not have to be shared if it would have violated the Colorado Open Records Act, and yet it was freely shared without a specific request for such being made by the plaintiff. Another set of information requested was in reference to attempting to confirm the defendants' compliance with the Vietnam Era Veterans' Readjustment Assistance Act. At one point, one the defendants had the audacity to say that the plaintiff was not eligible for certain considerations as to fees, since this request had nothing to do with his rights and benefits as a disabled veteran. While these Colorado Open Records Act violations had only minimal true impact upon the plaintiff, they most certainly are important to consider when looking for a continued pattern and/or mindset of retaliation. The plaintiff can see no other reason for them to continually resist attempts to gain what is supposed to be openly available information otherwise.

This is also retaliation, in and of itself, no matter how slight.

24. The sum total of this claim for relief is that the Department of Natural Resources, State of Colorado, engaged in discrimination in not hiring the plaintiff and at the same time retaliated against the plaintiff repeatedly and egregiously. There is a pattern that becomes undeniable, once all the facts are known.

## THIRD CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

25. The defendants have violated the Americans with Disabilities Act with respect to the actions previously mentioned in paragraph 19 above.  This was not a complaint that was made to the Equal Employment Opportunity Commission by the plaintiff, but came to light in the process of investigating the matters put before them, and subsequently should be covered by the filing of that complaint.  At the very least, this matter should be allowed to be presented in evidence, even if not on its own merits, because the actions taken by the defendants here are a demonstrable example supporting the mens rea of retaliation.

**FOURTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

26. The Colorado Civil Rights Division had all of the information needed to ascertain that the act of retaliation mentioned in paragraph 22 above did indeed occur exactly as the plaintiff represents. This information was all included in the defendants' initial response to them, and the plaintiff was able to see this violation as soon as he read the rules that were supplied in that response, and that the defendants were supposedly adhering to. The facts that showed that they were not in compliance with those rules were supplied at the same time. One only needed to read the entire response with a critical eye to see it. No further investigation would have been needed to make this determination, and yet the Colorado Civil Rights Division made the official determination that no evidence existed to support the plaintiff's claims of discrimination and/or retaliation. At best, this is gross incompetence on their part. At worst, they may be deliberately trying to shield another state agency from potential liability. Just why they failed to adequately protect the plaintiff's rights is unknown. The plaintiff would have had to pay a significant sum of money in order to obtain copies of their entire investigation file, and could not afford to do so.

(Rev. 07/06)

12

**FIFTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS**
(Please number your paragraphs and attach any necessary additional pages.)

27. The Colorado Civil Rights Commission will not investigate any claims involving the State of Colorado, or so they represented to the plaintiff in writing. They will only consider cases involving other employers. Whether this is by internal rule or legislative guidance, the plaintiff is unsure. Some private employers have mechanisms that function much as the State Personnel Board does for State Employee and employment questions. So, the plaintiff fails to see why this should be excluded from their purview. However, the plaintiff is of the impression that this is patently a "separate but equal" rule that is contrary to Amendment XIV to the United States Constitution Section 1.

(Rev. 07/06)

## SIXTH CLAIM FOR RELIEF AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

28. The Colorado State Personnel Board, although they eventually agreed to hear the case, has determined that the burden of proof for retaliation lies with the plaintiff, even though the prima facie case was made, and no evidence was entered by the defendants to refute that prior to the Board shifting the burden of proof back to the plaintiff. The plaintiff feels that the defendants have continually been preferentially treated by the Board, as if the assumption is that they could not have done anything wrong. Most of the individual acts are subtle, but this is not. The plaintiff believes that it is possible that he is not getting a fair hearing, and will complain of such in an attempt to make the Board aware of the shortcomings in their process. The Board does not seem to think that there are sufficient grounds to consider discrimination, even though no determination has been made as to the qualifications of the person eventually hired for the position noted in paragraph 22. If that person is not clearly better qualified on the qualifications of the original posting, then grounds still exist to consider this a case of discrimination as well.

(Rev. 07/06)

14

## REQUEST FOR RELIEF

Plaintiff requests the following relief:

The plaintiff asks for the sum of $300,000.00 (approximately) be awarded for damages to include, but not limited to, lost back pay and benefits, (which is calculated to be less an allowance for benefits and pay received by the plaintiff by employment that he has been able to secure so far) loss of enjoyment of life, defamation of character, late fees, bankruptcy, and other financial burdens that should not have happened if the defendants had acted properly, loss of sleep and other health issues, severe emotional and mental distress, and lack of opportunities to better the plaintiff's ability to secure further employment, such as where taking a Certified Public Accountant prep course may have allowed him to become a Certified Public Accountant and thus secure even better employment opportunities, all of which were denied him simply because he lacked the financial means to achieve such goals as result of their actions.

The plaintiff also asks for the sum of $600,000.00 (minimum) in punitive damages in accordance with the concepts of the statutory minimums put forth in 18 U.S. Code § 1964(c). The plaintiff respectfully submits that this is only a minimum, since the multiple actors and multiple acts make the actions of the defendants so egregious as to border on the cusp of outright corruption, which it is in the public interest to resist with all possible effort, especially if the potential corruption is in a government entity.

The plaintiff also asks for immediate injunctive relief against the Colorado Civil Rights Commission. He asks that they be prohibited from excluding considering cases that are seen or being seen before the State Personnel Board, as he believes that such is in violation of

(Rev. 07/06)

15

Amendment XIV to the United States Constitution Section 1. There remains the possibility, (as this case seems to demonstrate in the eyes of the plaintiff) that there may be a conflict of interest and a possibility that the Colorado Civil Rights Commission may not deal with such cases in an equitable manner, but may instead strongly favor the State in such cases. However, it is the opinion of the plaintiff that such an opportunity to resolve employment issues at a lower level is desirable, even if the chances of successfully resolving the issues are slim.

The plaintiff is currently attempting to resolve this dispute at lower levels, and respectfully asks the court to suspend proceedings until the plaintiff feels that all reasonable alternative means of resolving this issue are resolved, except that the request for injunctive relief against the Colorado Civil Rights Commission should go forward on its own immediately. The plaintiff recognizes that the court may have other dispute resolution remedies that it may wish to order, and the plaintiff stipulates that he is willing to participate in court mandated mediation again at this level. The plaintiff does not know under what concept the court may suspend these proceedings, and respectfully submits that if the court accepts this concept, they may inform the plaintiff of the proper way to proceed.

The plaintiff is operating pro se. In the course of negotiating and pursuing this matter, additional information has come to light, either in the process itself, or by formal discovery. If new information comes to the attention of the plaintiff, he would like to reserve the right to amend and/or modify this complaint and request for relief. It may be that if he is able to secure counsel, they may wish to amend and/or modify this complaint and request for relief. The plaintiff therefore respectfully asks that the court explicitly grant him such an opportunity. He feels that this right is already in the Federal Rules of Civil Procedure, but is less than certain of that, and

asks the court's indulgence in making this explicitly clear.

The plaintiff desires to have a trial by jury.

All proceeds due the plaintiff should be paid to the United States Bankruptcy Court, District of Colorado, case number 17-13769, except those that should be paid to his legal counsel, should he secure such.

Date: _8 May, 2017_ _____

(Plaintiff's Original Signature)

3962 South Fundy Circle
(Street Address)

Aurora, Colorado, 80013
(City, State, ZIP)

(303) 617-8285 or (719) 231-8405
(Telephone Number)

(Rev. 07/06)

17

EEOC Form 161 (1/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: **Lyle M. Miller, Jr.**<br>**3962 South Fundy Circle**<br>**Aurora, CO 80013** | From: **Denver Field Office**<br>**303 East 17th Avenue Suite 410**<br>**Denver, CO 80203** |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **541-2016-00482** | Christopher D. Padilla,<br>Supervisory Investigator | (303) 866-1336 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA)**: EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **back pay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

FEB 0 6 2017

Enclosure(s)

Elizabeth Cadle,
**District Director**

*(Date Mailed)*

cc:   STATE OF COLORADO